```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
UNITED STATES OF AMERICA,               :
                                        :
                                        :        14-cr-272(JSR)
        v.                              :
                                        :             ORDER
                                        :
ANTHONY ALLEN, et al.,                  :
                                        :
                Defendants.             :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

    The two remaining defendants in this case, Anthony Allen and Anthony Conti, are charged with numerous counts of wire fraud, in violation of 18 U.S.C. § 1343, as well as conspiracy to commit wire fraud and bank fraud. On July 24, 2015, defendants moved for a Rule 15 deposition of John Ewan, a citizen of the United Kingdom, and for Issuance of a Letter Rogatory for International Judicial Assistance under 28 U.S.C § 1781. D. Mot. for a Rule 15 Dep., ECF No. 82. This Court denied defendants' motion on August 18, 2015. Mem. Order, ECF No. 100. On August 26, 2015, defendants moved for reconsideration of the Court's Order denying their motion. D. Mot. for Reconsideration, ECF No. 105. The Court now denies defendants' motion for reconsideration.

    The Government alleges that defendants Conti and Allen, in concert with others, manipulated the London Inter-bank Offered Rate ("LIBOR"), a key benchmark of interest rates. To calculate LIBOR on a given day, Thomson Reuters, acting as the agent of the British Banker's Assocation (the "BBA"), averaged participating banks'

estimates of "the rate at which [the bank] could borrow funds, were it to do so by asking for and then accepting inter-bank offers in reasonable market size, just prior to 11:00 London time." Mem. Order at 2, ECF No. 100. At participating bank Coöperatieve Central Raiffeisen-Boerenleenbank B.A. ("Rabobank"), estimates were sometimes made by defendant Conti and other employees under the supervision of defendant Allen. The Government claims that the defendants submitted artificial estimates that advanced their own personal financial interests instead of honestly answering the BBA's query.

Defendants claimed and now claim again that Mr. Ewan's testimony will bear on whether the Government can prove its case. Between 2005 and 2012, Mr. Ewan served in various roles as a manager of LIBOR and as Secretary to the BBA's Foreign Exchange and Money Markets Committee, which had full authority over LIBOR. On their earlier motion, defendants argued that Mr. Ewan would testify that LIBOR was so uncertain that submissions based on personal financial interests were in accord with LIBOR's definition and that Mr. Ewan informed market participants of this fact.

In their motion for reconsideration, defendants claim that the Court made factual errors in its August 18 Order. In particular, defendants state that "Mr. Ewan *would* testify that LIBOR submitters were 'bump[ing] their estimates up or down based on their personal

2

financial interests' and would explain to the jury that he reported this practice to the FX & MM Committee." D. Mem. at 2, ECF No. 106 (quoting Mem. Order at 5, ECF No. 100) (citation omitted). Defendants believe that, were this true, it would contradict the following statement made by the Court:

> Mr. Ewan would not testify that *he expected* submitting employees to "bump" their estimates up or down based on their personal financial interests. Nor would he testify that, when speaking with submitting employees, *he approved* of personal financial interests influencing submissions, let alone that he reported such practices to the Committee *and* thought they were acceptable.

Mem. Order at 5, ECF No. 100 (emphases added). Defendants also claim that the Court made a factual error in concluding that Mr. Ewan would not testify that he informed market participants that LIBOR was "rigged." *See* D. Mem. at 5-6, ECF No. 106 (quoting Mem. Order at 6, ECF No. 100).

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The Court finds that the defendants fail to meet this standard.

To support their claims, defendants submit several hundred pages of Mr. Ewan's testimony in a criminal proceeding in the United

3

Kingdom. *See* D. Mem. Ex. 1, ECF No. 106. Defendants submitted only thirty-two pages of this testimony in support of their earlier motion, D. Reply Mem. on Rule 15 Mot. Ex. 4, ECF No. 97, and they cannot properly submit these hundreds of additional pages on a motion for reconsideration. That alone is enough to deny the motion.

Independently, however, the Court finds that the additional cited testimony does not actually support defendants' new assertions. *See, e.g.*, D. Mem. Ex. 1, June 9, 2015, Day 10 at 107:7-108:16, ECF No. 106. Moreover, much of the new testimony is riddled with inadmissible hearsay, as well as the witness's own admissions of uncertainty. *See, e.g.*, D. Mem. Ex. 1, June 8, 2015, Day 9 at 23:24-25:19, ECF No. 106. Overall, Mr. Ewan's testimony clearly suggests that he believed LIBOR was and should have been a fair and accurate financial benchmark. *See, e.g.*, D. Mem. Ex. 1, June 10, 2015, Day 11 at 26:24-27:6, ECF No. 106. The Court concludes that the additional material, even if considered at this belated stage, does not alter the conclusion previously reached by the Court.

Accordingly, defendants' motion for reconsideration is hereby denied.

SO ORDERED.

Dated: New York, NY
September 17, 2015

JED S. RAKOFF, U.S.D.J.