UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,          :
                                   :
            -v-                    :      14 Cr. 272 (JSR)
                                   :
ANTHONY ALLEN,                     :      MEMORANDUM ORDER
ANTHONY CONTI,                     :
et al.,                            :
                                   :
            Defendants.            :
------------------------------------- x



JED S. RAKOFF, U.S.D.J.

As described in the Court's Order of January 3, 2016, defendants Allen and Conti have filed a motion to compel further discovery relating to their "Kastigar" motion (referring to Kastigar v. United States, 406 U.S. 441 (1972)) currently pending before the Court. See Motion to Compel Further Kastigar Discovery, Dkt. 201.[1] Specifically, defendants seek discovery of (1) notes that Government cooperator Paul Robson wrote during his review of defendants' compelled testimony; (2) notes or other written information from Mr. Robson's counsel, Justin Weddle, Esq., regarding his exposure to defendants' compelled statements prior to preparing Mr. Robson for a proffer meeting with the Government in July 2014; and (3) documents from the Government that set forth in writing – such as in memoranda, emails, notes, and other written form - the bases for its decision to prosecute the defendants. See Memorandum of Law in Support of Defendants' Motion to Compel Further Kastigar Discovery ("Defs.

---

[1] The Court here assumes familiarity with the procedural history of the defendants' Kastigar motion.

-1-

Br."), Dkt. 202, at 2-3. On December 29, 2015, Mr. Robson's counsel filed an opposition to defendants' motion as it related to the first and second categories listed above, and the Government filed an opposition to the third category. Much of the opposition from both sources relates to claims of privilege. See Paul Robson's Memorandum of Law in Opposition to Allen and Conti's Motion to Compel Further Kastigar Discovery ("Robson Opp. Br."), Dkt. 203; Memorandum in Opposition to Defendants' Motion to Compel Further Discovery, Dkt. 204.

On January 3, 2016, the Court ordered Mr. Robson's counsel and the Government to produce the relevant materials for the Court's in camera review, while preserving for now all claims of privilege. See Order dated Jan. 3, 2016, Dkt. 205. Accordingly, on January 5, 2016, the Government submitted to the Court documents describing the bases for its decision to prosecute the defendants, and Mr. Robson, through his counsel Mr. Weddle, submitted five pages of notes that he wrote while reviewing the defendants' compelled testimony. Mr. Weddle also, in a letter to the Court dated January 4, 2016, provided information responsive to defendants' query about any exposure on his part to defendants' compelled testimony, though Mr. Weddle indicated that he did not have pre-existing notes regarding this exposure. Having carefully reviewed the parties' submissions in camera, the Court hereby denies the defendants' motion to compel in its entirety.

The facts relevant to defendants' motion to compel are as follows. The United Kingdom's Financial Conduct Authority ("FCA")

interviewed defendant Anthony Conti on January 25, 2013, and defendant Anthony Allen on June 20 and 21, 2013. See DOJ Letter to Defense Counsel dated May 26, 2015, Dkt. 95-6.[2] These interviews were conducted on a "compelled" basis, in the sense that failure to respond could result, under UK law, in criminal penalties, including imprisonment. See UK Financial Services and Markets Act of 2000, Part XI, at § 177. In November 2013, according to a declaration submitted by Mr. Robson, the FCA sent Mr. Robson's UK counsel, Steven Francis, a warning notice informing him that the FCA intended to take further action against Mr. Robson. See Robson Declaration of Aug. 5, 2015 ("Robson Declaration"), Dkt. 95-5, ¶ 4; Memorandum in Opposition to Defendants' Motion to Dismiss Based on Kastigar, Dkt. 95, at 6. Accompanying the warning notice, pursuant to UK procedures, were transcripts of interviews the FCA had conducted with individuals allegedly related to the LIBOR investigation, including defendants Allen and Conti. Robson Declaration ¶ 4.

On December 16 and 17, 2015, the Court held a hearing on the merits of defendants' claim that the Government had committed a Kastigar violation in its use of defendants' compelled testimony resulting from Mr. Robson's exposure to this testimony. See Defs. Br. at 1. Mr. Robson testified at this hearing that he received the FCA transcripts from his UK counsel, who, in Mr. Robson's words,

---

[2] This letter indicates that the FCA interviewed defendant Conti on June 25, 2013, but the transcript of this interview – filed under seal – states that the date of the interview was January 25, 2013.

"instructed me to have a read through, highlight anything that was relevant or I had any questions about, and then let them know when I'm done." Transcript of Kastigar Hearing ("Tr.") at 5:24-6:2. Mr. Robson stated that he reviewed the transcripts over the course of two afternoons, see Tr. at 6:3-12.[3] He highlighted certain passages in the transcripts, including defendants' transcripts, but also wrote some independent notes. See Tr. at 79:2-7. (Prior to the conclusion of the Kastigar hearing in this Court, the marked-up transcripts of Mr. Allen and Mr. Conti's testimony were furnished to defense counsel without waiver of privilege as to the notes, see Tr. at 84:8-24, which are part of what is being requested in the instant motion.) In the event, Mr. Robson never discussed the transcripts or notes with his UK counsel, see Tr. at 6:13-25. Instead, Mr. Robson's UK counsel instructed him "to seal the box, mark it with legal/professional privilege, and put it out of the way, so I put it in the attic." Tr. at 6:19-21. In his brief on defendants' current motion to compel, Mr. Robson indicates that he boxed up the materials at his UK counsel's direction "because the FCA investigation was delayed in favor of criminal investigations." Robson Opp. Br. at 4. Mr. Robson in his declaration of August 2015 indicated that in about July 2014, he removed some of the FCA transcript binders from the box and conveyed

---

[3] At the Kastigar hearing, Mr. Robson initially testified that he reviewed the FCA transcripts in November 2012, not in November or December 2013 as his declaration filed in August 2015 had attested. See Tr. 4:19-5:6; Robson Declaration ¶ 5. However, on cross-examination, Mr. Robson quickly acknowledged he may have been mistaken, see Tr. 17:15-19, and the Court sees no reason to believe Mr. Robson made anything but an honest mistake.

them to his U.S. counsel, and that at the instruction of this counsel (Mr. Weddle), Mr. Robson thereafter sent the box of remaining materials to the U.S. law firm. Robson Declaration ¶ 7; see also Robson Opp. Br. at 2.

On April 28, 2014, the Government filed an indictment against Mr. Robson and two other former Rabobank employees, Paul Thompson and Tetsuya Motomura. See Indictment, Dkt. 5. Another former Rabobank employee, Takayuki Yagami, pled guilty to conspiracy to commit wire fraud and bank fraud on June 10, 2014. See Transcript of Proceedings dated June 10, 2014, Dkt. 16. On July 17 and 18, the Government conducted an interview of Mr. Robson pursuant to a proffer agreement. See DX608C, Dkt. 202-1. On August 18, 2014, Mr. Robson pled guilty to conspiracy. On October 16, 2014, the Government filed a superseding indictment, which charged defendants Allen and Conti with conspiracy to commit wire fraud and bank fraud, as well as several substantive counts of wire fraud. See Superseding Indictment, Dkt. 24. On November 5, 2015, a jury found defendants Allen and Conti guilty on all counts. See Verdict, Dkt. 147.

Against this background, the Court turns to the merits – not of the Kastigar motion itself, which remains sub judice – but of the defendants' motion to compel. As to the notes Mr. Robson took while reviewing the defendants' compelled testimony, the Court holds that these notes are covered by the attorney-client privilege and the work-product privilege. The attorney client privilege provides that "[c]onfidential disclosures by a client to an attorney made in order

to obtain legal assistance are privileged." Fisher v. United States, 425 U.S. 391, 403 (1976). The attorney-client privilege applies "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or the legal adviser, (8) except the protection be waived . . ." In re Richard Roe, Inc., 68 F.3d 38, 39-40 (2d Cir. 1995).

In this case, Mr. Robson has presented uncontroverted testimony that his UK counsel provided him with materials including defendants' compelled testimony and "instructed [him] to have a read through, highlight anything that was relevant or [he] had any questions about, and then let them know when [he was] done." Tr. 5:24-6:2. Mr. Robson's notes were therefore made by a client for the express purpose of discussing the material with his attorney and thereby obtaining legal advice.

Defendants emphasize that Mr. Robson's notes were not, in the event, actually communicated to his UK attorney. See Defs. Br. at 9-11. They cite United States v. DeFonte, 441 F.3d 92 (2d Cir. 2006) for the proposition that, according to defendants, "a client's preparatory notes are not protected unless they were actually communicated to the attorney." Defs. Br. at 9-11. But this is doubly erroneous. First, as Mr. Robson now represents, the notes in the instant case were in fact communicated to an attorney, albeit his U.S. counsel in July 2015. See Robson Opp. Br. at 4. Second, and perhaps more importantly, the Court does not read DeFonte to suggest

-6-

that when a client takes notes pursuant to a direction from his attorney for the purpose of engaging in a discussion with his attorney, those notes are not covered by the attorney-client privilege simply because the notes are not conveyed to that same attorney as a consequence of intervening events such as delay in an investigation. As DeFonte states, "[a] rule that recognizes a privilege for any writing made with an eye toward legal representation would be too broad. A rule that allows no privilege at all for such records would discourage clients from taking the reasonable step of preparing an outline to assist in a conversation with their attorney." DeFonte, 441 F.3d at 96. In terms of this spectrum, the facts of the instant case fall comfortably within the zone to which privilege applies. To hold otherwise would be to subvert the purpose of the attorney-client privilege, viz., "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).

Furthermore, independent of the Court's determination that Mr. Robson's notes are protected by the attorney-client privilege, the Court holds that Mr. Robson's notes are subject to work-product protection as well. Mr. Robson's notes were prepared "at the behest of counsel in anticipation of litigation." In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007). They constitute documents "prepared in anticipation of litigation . . . by or for another party or its representative (including the other party's

attorney . . .)." Fed. R. Civ. P. 26(b)(3)(A); see also United States v. Nobles, 422 U.S. 225, 238 (1975) ("Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital."). Work-product protection may be overcome by a showing of "substantial need" and inability to obtain the materials' "substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). But in this case, the Court, having examined Mr. Robson's notes in camera, determines that these notes do not materially add to the evidence to which defendants already have access. Therefore, the Court denies defendants' motion as it relates to notes that Mr. Robson took while reviewing the defendants' compelled testimony.

Defendants next seek to compel information from Mr. Robson's counsel, Mr. Weddle, about counsel's own possible exposure to defendants' compelled testimony prior to preparing Mr. Robson for a proffer meeting with the Government in July 2014. See Defs. Br. at 2. As an initial matter, this request may well be untimely, as it was made at a very late stage in the proceedings, given that defendants were aware at least since August 6, 2015 that Mr. Robson conveyed the FCA transcripts to his U.S. counsel. See Robson Declaration. But in any event, the defendants' motion to compel information from Mr. Weddle must be denied. Mr. Robson has already provided testimony about his exposure to defendants' FCA transcripts. See, e.g., Tr. 8. Mr. Robson has also testified that he was warned by the Government and his counsel not to mention material found in these transcripts.

-8-

See Tr. 9-10 (Robson testimony); see also Tr. 136-37 (testimony of FBI Agent Jeffrey Weeks). Of more direct relevance, the Court has reviewed in camera Mr. Weddle's own description of any possible exposure he may have had to defendants' compelled statements, and any possible use he may have made of such statements, and has determined that this information would not materially add to what defense counsel already possesses.[4] Consequently, the Court denies defendants' motion to compel as it relates to information from Mr. Weddle about any possible exposure by him to defendants' compelled testimony.

Finally, defendants move to compel documents from the Government that set forth in writing -- such as in memoranda, emails, notes, and other written form -- the bases for its decision to prosecute the defendants. See Defs. Br. at 3. The Court has also reviewed these documents in camera. As a general matter, this information is protected from discovery by Fed. R. Crim. P. 16(a)(2), which expressly excludes from discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2); see also United States v. Armstrong, 517 U.S. 456, 463 (1996); United States v. Ghailani, 687 F. Supp. 2d 365, 369 (S.D.N.Y. 2010).[5] Nevertheless,

---

[4] Furthermore, Mr. Weddle's description is also protected by attorney-client privilege and work-product protection, and therefore will remain under seal.

[5] The Court further holds that the Government's notes relating to the decision to prosecute defendants Allen and Conti

assuming arguendo that the constitutional underpinnings of <u>Kastigar</u> could trump the Federal Rules of Criminal Procedure -- for example, if the Government's internal memoranda directly showed that the Government expressly and materially relied on immunized testimony -- that situation does not remotely apply here.

Defendants argue that their lack of access to the Government's documents relating to its decision to prosecute defendants unfairly prevented them from impeaching the testimony of FBI Agent Jeffrey Weeks regarding this decision. <u>See</u> Defs. Br. at 15-16. But the Court finds that the Government's documents in question provide no material to impeach Mr. Weeks' testimony, and, indeed, largely corroborate it. Furthermore, the Court finds that the Government did not waive privilege as a consequence of the Court's questions to Mr. Weeks at the <u>Kastigar</u> hearing regarding the Government's decision to prosecute the defendants. <u>See</u> Tr. 151-153. The Court hence denies defendants' motion to compel information from the Government about this decision.

For the foregoing reasons, defendants' motion to compel further discovery related to the pending <u>Kastigar</u> motion is denied in its entirety. All submissions sent to the Court for its <u>in camera</u> review in connection with the defendants' motion to compel discovery will now be filed under seal.

The Clerk of Court is directed to close docket number 201.

---

are attorney work-product and that protection under this doctrine has not been overcome. <u>See</u> Fed. R. Civ. P. 26(a)(3).

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       January 7, 2016